UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| PEI PARTNERSHIP ARCHITECTS, LLP, <br><br> Plaintiff, <br><br> v. <br><br> CELEBRATE VIRGINIA SOUTH, LLC, *et al*, <br><br> Defendants. | Civil Action No. 3:13–CV–48 |

### **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Celebrate Virginia South, LLC ("Celebrate VA")(ECF No. 4). Plaintiff seeks a declaratory judgment, or alternatively, an action to quiet title regarding real property owned by Defendant United States National Slavery Museum ("USNSM"). Celebrate VA seeks to dismiss the Complaint against all defendants on the ground that Plaintiff lacks standing to bring this action and fails to state a claim for which relief can be granted. On March 15, 2013, the Court heard oral argument on the Motion to Dismiss. For the reasons provided below, the Court GRANTS the Motion to Dismiss.

### I. BACKGROUND[1]

This suit arises from an effort by Plaintiff, a limited liability partnership providing architectural services, to enforce a judgment lien that it holds against USNSM on a property owned by USNSM in Fredericksburg, Virginia ("the Property"), and intended as a site for a

---

[1] For the purposes of this Motion, the Court assumes all of Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to it. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004)(citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). *See* Fed. R. Civ. P. 12(b)(6).

national slavery museum. On or about January 31, 2002, Celebrate VA entered a Real Estate Gift Transfer Agreement ("GTA") with USNSM in which Celebrate VA agreed to gift the Property to USNSM subject to the following restrictions:

> A covenant at Settlement (to be recorded) in form and content satisfactory to Donor that the Property will be used for (i) an African-American Heritage Museum (and related and incidental ancillary uses), or (ii) charitable, educational or public purposes and related uses, and for no other use or purpose; provided, however, in no event shall the permitted use include any drug counseling or rehabilitation, medical procedures, manufacturing, assembling, industrial, or laboratory use or component. The Property shall also be subject to a prohibition on use for a hotel, motel or lodging purposes until the earlier of (y) twenty (20) years from the date of Settlement, or (z) the date Donor has sold or commenced development on at least eighty percent (80%) of the remaining developable sites in Phase I of Celebrate Virginia South as shown on Exhibit "B" attached hereto; provided, however, that temporary lodging facilities for visiting dignitaries and scholars-in-residence (not to exceed ten (10) rooms) shall be permitted so long as no charge is made for use thereof. It is understood and agreed that the permitted use may include museum shops, living history areas, storage areas, office and administrative areas, and any other matters that are a part of the function of the museum. The foregoing use restrictions (other than the restrictions on hotel, motel or lodging purposes, and the prohibition on use for drug counseling or rehabilitation, medical procedures, manufacturing, assembling, industrial or laboratory uses), shall expire at such time as Donee has  built a national caliber museum (both size and design, contents and materials), has fully furnished and staffed the same (including exhibitions), and the same has been open to the public continuously for a period of one (1) year excluding holidays. The museum building shall be at least 125,000 square feet with full administration and operational staff and function (on-site).

(Compl. ¶ 15.)

On February 8, 2002, Celebrate VA transferred the Property to USNSM by a Deed of Gift ("Deed"), subject to the following restrictions:

> The Property is conveyed subject to all easements, conditions, restrictions, covenants and matters of record which are applicable to the Property or any portion thereof. The Property is also conveyed subject to certain restrictions on use and development which were agreed upon and accepted by Grantee as more particularly set forth in that certain Real Estate Gift Transfer Agreement dated January 16, 2002, between Grantor and Grantee, a

>duplicate original copy of which is on file at the offices of Grantor and Grantee. Such restrictions shall be binding on Grantee, its successors and assignees and shall run with title to the Property.

(Compl. ¶ 20.) In 2005, USNSM hired Plaintiff to provide design services for the planned museum. Although Plaintiff performed the requested services pursuant to their agreement, USNSM did not pay Plaintiff for the services rendered through the end of 2005.

In March 2009, Celebrate VA filed a Supplemental Notice of Covenants and Restrictions with the City of Fredericksburg giving supplemental notice of the above restrictions. In December 2009, Plaintiff filed suit against USNSM to recover damages following USNSM's failure to pay for Plaintiff's design services, and in April 2010, Plaintiff was awarded a judgment in the amount of $5,168,002.60. Plaintiff recorded the judgment with the City of Fredericksburg in order to enforce a judgment lien on the Property.

After failing to successfully develop this museum project, USNSM commenced voluntary bankruptcy proceedings in the U.S. Bankruptcy Court for the Eastern District of Virginia in or about September 2011. The Bankruptcy Court dismissed the case at USNSM's request in or about August 2012, and on or about September 14, 2012, the City of Fredericksburg commenced an action against USNSM in the Circuit Court of the City of Fredericksburg ("Fredericksburg Action") seeking to have the Property sold in order to satisfy a real property tax lien. Due to its status as a judgment lienholder on the Property, Plaintiff was named as a defendant in the Fredericksburg Action, and it asserted claims against the City of Fredericksburg and USNSM relating to the enforceability of the above-mentioned restrictions on the Property. Plaintiff also attempted to join Celebrate VA as a defendant in the Fredericksburg Action, and in the course of this proceeding, Celebrate VA asserted that the restrictions are valid, enforceable, and run with the land. On December

10, 2012, the Circuit Court sustained the demurrer filed by the City of Fredericksburg to Plaintiff's claims and denied Plaintiff's motion to join Celebrate VA as a defendant.

Plaintiff has filed suit in this Court seeking a declaratory judgment regarding the enforceability of the restrictions, or alternatively, to quiet title to the Property on the ground that if the restrictions are enforced and found to run with the land, the value of the Property, and thus Plaintiff's lien, will decrease. In Count One, Plaintiff seeks a declaratory judgment stating that the restrictions are unenforceable and do not run with the land,[2] arguing that "[t]he question as to the enforceability and applicability of the Restrictions creates a cloud on title which significantly affects the value of the Property" (Compl. ¶ 37), and an actual controversy exists regarding the restrictions. Plaintiff contends that its ability to recover on its judgment lien will be prejudiced by the cloud on the title and asks for an order from this Court to be entered in the City of Fredericksburg land records giving notice of the unenforceability of the restrictions prior to any judicial sale to satisfy the tax lien. In Count Two, Plaintiff alternatively seeks to quiet title for the same reasons as in Count One, asserting that it has an equitable interest in the property as a judgment lienholder.

Defendant Celebrate Virginia filed its Motion to Dismiss on January 22, 2013, arguing that the Complaint should be dismissed against all defendants pursuant to Rule

---

[2] Plaintiff contends that the restrictions are unenforceable and do not run with the land because: (1) the GTA does not express mutual intent for the restrictions to run with the land and provides that the restrictions would expire upon the happening of certain events; (2) the gift to USNSM was an unconditional gift and Celebrate VA did not reserve any right to reclaim title as a result of USNSM's failure to comply with the restrictions; (3) the restrictions were not included in the Deed, and the Supplemental Notice of Covenants and Restrictions does not suffice to correct or amend the deed; (4) the Deed does not provide that the restrictions would benefit other real property; and (5) the language of the restrictions is so vague that they are unenforceable. (*See* Compl. ¶¶ 29-36.)

12(b)(6) on the ground that, as a mere judgment creditor, Plaintiff lacks standing[3] to bring this cause of action and fails to state a claim to quiet title since it does not own or hold any title to the Property. Celebrate Virginia further argues that Plaintiff's claim under Count One for a Declaratory Judgment is merely a rephrasing of its action to quiet title, and therefore, similarly must be dismissed. In the event that the Court grants the Motion to Dismiss, Plaintiff asks for leave to submit an amended Complaint. This motion has been fully briefed, and the Court heard oral argument on March 15, 2013. USNSM has not answered, appeared or otherwise responded in this matter. This matter is ripe for review.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

---

[3] Despite Celebrate VA's use of the word "standing" throughout its Motion, Celebrate VA has not moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1); rather, the Motion seeks a dismissal for failure to state a claim under 12(b)(6).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545; *see id*. at 555 n.3. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### III. DISCUSSION
#### a. Count One: Declaratory Judgment

In Count One, Plaintiff seeks a declaratory judgment stating that the restrictions are not enforceable and do not run with the land. The Court has the discretionary authority to grant a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." § 2201(a). In order to properly state a claim for declaratory relief, the plaintiff must allege that an actual controversy exists within the Court's jurisdiction and that it is an interested party. § 2201(a). An actual controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)*.*

In this case, Plaintiff has not sufficiently stated a plausible claim for declaratory relief. In the exercise of the Court's discretion, "[d]eclaratory relief is reserved for forward looking actions and is appropriate if the relief sought will serve a useful purpose in clarifying and settling the legal relations in issue, and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Horvath v. Bank of N.Y., N.A.*, No. 1:09-CV-1129, 2010 U.S. Dist. LEXIS 19965, at *1 (E.D. Va. Jan. 29, 2010)(internal citations omitted); *see Trull v. Smolka*, 3:08CV460-HEH, 2008 U.S. Dist. LEXIS 70233, at *24 (E.D. Va. Sept. 18, 2008)(explaining that declaratory relief "is designed to apply prospectively to prevent or mandate reasonably certain, future conduct").

While Plaintiff argues that there is a substantial, ongoing controversy regarding the enforceability of the restrictions, there is no actual controversy that is ripe for declaratory relief because this case involves rights that have already been determined and events that have already taken place. The parties are already aware that Plaintiff has the legal right to enforce its judgment lien, thus despite Plaintiff's doubts as to the *value* of its judgment lien if the restrictions are enforced, a declaratory judgment as to the enforceability of the restrictions would not aid in further clarifying the parties' legal relationship. Further, there is no reasonably certain future conduct to be prevented or mandated in this case. Celebrate VA filed its Supplemental Notice seeking to record the restrictions on the Property in March 2009, more than a year before Plaintiff obtained its judgment lien in April 2010. Plaintiff alleges that Celebrate VA attempted to enforce the restrictions in USNSM's 2011 bankruptcy action, but this proceeding was dismissed, and Plaintiff was unsuccessful in joining Celebrate VA in the pending Fredericksburg tax lien action because the Circuit Court held that Plaintiff's claim against Celebrate VA regarding the enforceability of the

restrictions did not arise from the same matter as the tax lien action. In the hearing on this matter, Plaintiff represented that the tax lien action has since been delayed, and Plaintiff does not show or allege that Celebrate VA has again attempted to enforce the restrictions in this or in any other proceeding. For these reasons, Plaintiff has failed to sufficiently state a claim for a declaratory judgment, and the Court GRANTS the Motion to Dismiss Count One.

### b. Count Two: Action for Quiet Title

In the alternative to its declaratory judgment claim, Plaintiff alleges an action for quiet title in Count Two. "An action for quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against the title." *Maine v. Adams*, 277 Va. 230, 238 (2009). A plaintiff asserting a quiet title claim must allege and prove that it has superior legal or equitable title. *Id.; see* Va. Code Ann. § 55-153 ("When a bill in equity is filed to remove a cloud on the title to real estate relief shall not be denied the complainant because he has only an equitable title thereto and is out of possession, but the court shall grant to the complainant such relief as he would be entitled to if he held the legal title and was in possession.")

Celebrate VA moves to dismiss on the ground that, as a mere judgment creditor, Plaintiff does not hold any title to the Property, much less superior title, and thus lacks standing to bring an action for quiet title and fails to state such a claim. *See Gallant v. Deutsche Bank Nat. Trust Co.*, 766 F.Supp.2d 714, 719 (W.D. Va. 2011)(granting a motion to dismiss a plaintiff's claim for quiet title because the complaint did not contain any facts supporting the plaintiff's claim of superior title). Celebrate VA argues that Plaintiff's only remedy to enforce its lien on the Property is a creditor's bill under Va. Code Ann. § 8.01-462 *et seq.*, and that Plaintiff cannot state an action for quiet title since it does not hold title.

Plaintiff argues in response that it has sufficiently stated a quiet title claim because the Complaint alleges that Plaintiff holds a legal and equitable interest in the Property in the form of its judgment lien, despite the fact that Plaintiff "does not claim title to a fee interest in the Property (currently held by USNSM)." (Mem. Opp. Mot. Dismiss 3.) Plaintiff argues that its real property interest is superior to Celebrate VA's interest in enforcing the restrictions, and that it has stated a plausible claim for an action to quiet title because the Complaint alleges that there is a cloud on Plaintiff's real property interest.

Plaintiff has not sufficiently alleged that it has superior legal or equitable title to the Property. Even when directly prompted by the Court, Plaintiff cited absolutely no support for the proposition that its claimed *interest* in the form of a judgment lien which has attached to the Property is itself a *title* to the estate. On the contrary, a judgment lien "is not a proprietary right in the lands of the judgment debtor, but merely a right to levy on any such lands for the purpose of satisfying the judgment to the exclusion or destruction of any right which may have accrued to others since the attachment of the lien." *Jones v. Hall*, 177 Va. 658, 664 (1941). Simply put, Plaintiff's judgment lien does not constitute good title to the Property, and therefore, Plaintiff's claim of superior title necessarily fails. Accordingly, the Court GRANTS the Motion to Dismiss Count Two.

## IV. CONCLUSION

For the reasons stated above, Celebrate VA's Motion to Dismiss is GRANTED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

ENTERED this __19th__ day of March 2013.

_____/s/_____
James R. Spencer
United States District Judge

9